**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 26-cv-4976-WJM

VISHVAJEET SINGH,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility, *et al*.

Respondents.

---

**ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Vishvajeet Singh's Petition for Writ of Habeas Corpus, brought pursuant to 28 U.S.C. § 2241 ("Petition"). (ECF No. 1). Respondents Juan Baltazar, in his official capacity as Warden of the Denver Contract Detention Facility ("DCDF"); David J. Venturella, in his official capacity as Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, in his official capacity as Secretary of the United States Department of Homeland Security ("DHS"); and Todd Blanche, in his official capacity as Attorney General of the United States (collectively, "Respondents" or the "Government") filed a cursory response. (ECF No. 7).

For the following reasons, the Court grants the Petition.

## I. BACKGROUND

This case presents an all-too-familiar fact pattern. Singh is an asylum seeker from India. (ECF No. 1 at ¶¶ 4, 58, 63.) On December 18, 2021, he entered the United States without a visa or inspection. (*Id.* at ¶¶ 4, 59.) He was apprehended by Customs

and Border Protection on that same date. (*Id.* at ¶ 59.) On March 4, 2022, DHS then released him on parole plus alternatives to detention. (*Id.* at ¶ 61.) Singh "was granted employment authorization based on his pending asylum application and thereafter lawfully worked in the United States." (*Id.* at ¶ 64.)

On September 24, 2026, while working as a truck driver, Singh was detained by Respondents even "though no material change in circumstances occurred, no warrant was issued, and no pre-deprivation hearing was held." (*Id.* at ¶¶ 65–66.) Singh remains confined at the DCDF. (*Id.* at ¶ 66.) Respondents contend that Singh is subject to mandatory detention under 8 U.S.C. § 1225(b). (*Id.* at ¶ 6.)

## II. LEGAL STANDARD

"Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004.) More specifically, 28 U.S.C. § 2241 "confers jurisdiction upon the federal courts to hear [such cases." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) (citing 28 U.S.C. § 2241(c)(3) (authorizing any person to claim in federal court that they are being held "in custody in violation of the Constitution or laws . . . of the United States")). "The fundamental purpose of a § 2241 habeas proceeding is the same as that of § 2254 habeas and § 2255 proceedings: they are an 'attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.' " *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)).

## III. ANALYSIS

Singh challenges the legality of his detention under several bases: that his

detention violates his substantive due process rights under the Fifth Amendment (First Claim), his procedural due process rights under the Fifth Amendment (Second Claim), and the Immigration & Nationality Act ("INA") (Third Claim). The Court need only reach the merits of the Third Claim to resolve this matter. *See United States v. Hardman*, 297 F.3d 1116, 1124 (10th Cir. 2002) ("[I]t is well-settled that federal courts should avoid deciding constitutional issues when statutory issues are dispositive.").

**A. INA Violation**

Singh claims that Respondents' invocation of § 1225 is unlawful because he entered the United States over four years before Respondents re-detained him. (ECF No. 1 at ¶ 97.) Respondents responded without addressing this claim, instead declining to "submit[] a brief in opposition to the Petition detailing the facts and circumstances of this case." (ECF No. 7 at 1.) In any case, the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) leaves little to debate. Singh is correct.

In *Santillan Quiroz*, the Tenth Circuit considered "whether § 1225(b)(2)(A) or § 1226(a) applie[d]" to a § 2241 petitioner who entered the United States "[t]wo decades ago" and had "lived here ever since." *Id.* at 1235, 1233. Ultimately, it held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually[1] subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. The Tenth Circuit based its holding in significant part on its interpretation of the phrase "seeking admission," as it is used in § 1225(b)(2)(A). *Id.*

[1] The Tenth Circuit's holding is qualified only by the fact that "[s]ome noncitizens who are arrested in the interior may be subject to § 1225(b)(1)(A)." *Id.* at 1237 n.6. But, as in *Santillan Quiroz,* "[t]here is no argument here that § 1225(b)(1)(A) applies to [Singh]." *Id.*

at 1237–40. It reasoned: "A person cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered." *Id.* at 1239. Thus, "[t]he only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border." *Id.* By extension, "§ 1225(b)(2)(A) is likewise limited to the border." *Id.*

The material facts here are indistinguishable from those summarized in *Santillan Quiroz*. Like the § 2241 petitioner in that case, Singh had already entered the United States—notably after Respondents had already released him after entry—when he was first detained in December 2021. Accordingly, § 1226(a)—not § 1225(b)(2)(A)—applies to Singh.

**B. Remedy**

The Government declined to substantively address Singh's claims. (ECF No. 7 at 1.) It even concedes that "the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, release Petitioner from detention." (*Id.* (emphasis in original).) Singh requests immediate release and argues "[a] bond hearing before an Immigration Judge is an inadequate remedy." (ECF No. 1 at ¶ 1.)

The Court agrees with Singh that a bond hearing will not serve as adequate relief. This Court has already written of its "concern[] that the immigration courts are not affording immigrants fair bond hearings," as "the mounting evidence that bond determination hearings conducted in Immigration Court under § 1226(a) have preordained outcomes has become impossible to ignore." *Pal v. Lyons,* 2026 WL 937962, at *4 (D. Colo. Apr. 7, 2026); *see also Quiroz Zacarias v. Mullin,* 2026 WL 1092162, at *4–*5 (D. Colo. Apr. 22, 2026) (concluding "the IJ deprived [petitioner] of

his due process rights" by issuing a bond decision that was "wholly bereft of any analysis whatsoever"). Indeed, courts across the country have, with increasing frequency, ceased "order[ing] even initial bond hearings in cases like this one involving unlawful detention under § 1225(b) because Respondents' conduct can no longer be attributed to mere negligence or ineptitude, . . . and doing so would effectively allow the Government to transform an unlawful detention into a lawful one through *post-hoc* justifications." *Zheng v. Rokosky,* 826 F. Supp. 3d 545, 563 (D.N.J. 2026) (collecting cases).

Given this reality, the Court will order Singh's immediate release.

## IV. CONCLUSION

For all these reasons, the Court ORDERS as follows:

1. The Court's Order to Show Cause (ECF No. 4) is MADE ABSOLUTE and Singh's Petition (ECF No. 1) is GRANTED;

2. The Court GRANTS this relief to Singh pursuant to the Third Claim of the Petition. The Court does not reach the merits of the First and Second Claims;

3. **By no later than this Thursday, October 22, 2026,** Respondents shall IMMEDIATELY RELEASE Singh on his own recognizance, along with all his personal belongings, subject only to the conditions of his pre-existing conditional parole. **No additional conditions of release shall be imposed on Singh by Respondents**. Respondents shall further facilitate Singh's transportation from the detention facility by providing all necessary identity and travel documents to return to his primary address,

4. Respondents are ENJOINED from re-arresting or re-detaining Singh unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond

hearing before a neutral decisionmaker, that he is a flight risk or danger to the community such that his physical custody is legally justified. At any such bond hearing, Respondents shall bear the burden of proof, and Singh shall be allowed to have counsel present. This injunction shall remain in effect until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

5. Respondents shall continue to be ENJOINED from removing, transferring, or causing the removal or transfer of, Singh from the District of Colorado until such time as this Court, or the Tenth Circuit Court of Appeals, vacates this Order;

6. Should Singh believe he has a good faith basis to seek attorney's fees pursuant to the Equal Access to Justice Act, he is GRANTED leave to file a motion seeking the same, along with all supporting documentation, by no later than **November 17, 2026**. Respondents shall file a response by no later than **December 8, 2026**, and Singh shall file a reply by no later than **December 22, 2026**; and

7. Judgment shall enter in Singh's favor and against Respondents on **November 3, 2026,** UNLESS prior thereto the Court is informed that Respondents have failed to fully and timely comply with the terms of this Order.

Dated this 20th day of October, 2026.

BY THE COURT:

William J. Martinez
Senior United States District Judge